No. 48,692

State of Kansas, *Appellee,* v. Mark E. Ritchey, *Appellant.*

(573 P 2d 973)

Opinion filed November 5, 1977.

*Raymond W. Baker,* of law offices of John C. Frank, of Wichita, argued the cause and was on the brief for the appellant.

*James Larry Linn,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Vern Miller,* district attorney, and *Stephen E. Robison,* assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Miller, J.: Mark E. Ritchey was convicted by a jury of second-degree murder and felony theft in violation of K.S.A. 21-3402 and 21-3701 (*a*). He was sentenced to imprisonment for consecutive terms of fifteen years to life and three to ten years. He appeals, contending that the trial court erred in overruling his motion for a psychiatric evaluation, and in instructing the jury that "malice may be inferred by use of a deadly weapon."

A complaint was filed in Sedgwick County on April 21, 1975, charging that on March 25, 1975, Mark E. Ritchey unlawfully, willfully and maliciously killed and murdered Joey Tapscott by hitting him about the head with a pool cue, and that on the same date Ritchey obtained and exercised unauthorized control over Tapscott's automobile, a 1968 Pontiac which was valued at more than $50.

Ritchey was indigent, and at his request counsel was appointed for him. He then filed a motion, requesting that the court appoint a psychiatrist to evaluate him "for the effective preparation of his

defense, and so that his counsel can consult with said psychiatrist and testify at his trial." The motion was argued before a district judge on April 28, 1975. Ritchey had given a statement in which he said that he had been staying with Tapscott in a Wichita motel. He knew that Tapscott was a homosexual. Tapscott and Ritchey argued; Tapscott approached him from the rear and made homosexual advances; he shoved Tapscott away; Tapscott advanced again and Ritchey struck him with a pool cue, knocking him onto the bed. Then Ritchey "clicked and went crazy," and thereafter he struck Tapscott repeatedly with the pool cue.

Defense counsel contended that Ritchey acted in the "heat of passion," and that this would be his defense to the second-degree murder charge. Counsel contended that the "heat of passion" should be a subjective standard, and that the acts of Tapscott, a homosexual who allegedly made advances toward the defendant, had a different effect on the defendant than they might have had on another person. The court overruled the motion and denied the request. An information was filed on the following day, and trial was held in June, 1975.

Voluntary manslaughter, the unlawful and intentional killing of a human being without malice and in the heat of passion, is a lesser degree of homicide than second-degree murder. Evidence that the homicide was committed in the heat of passion would, therefore, be desirable from the viewpoint of the defense. The question presented is whether the trial court erred in denying psychiatric services upon the showing made when the motion was argued. The request was not renewed thereafter.

"Whether expert services are necessary to an adequate defense is a matter left to the sound discretion of the trial court. A denial of an application for expert services will not be disturbed in the absence of a showing of abuse of discretion to the extent that a defendant's substantial rights have been prejudiced thereby." *State v. Burnett,* 222 Kan. 162, 563 P.2d 451, Syl. 3; and see cases cited in that opinion.

"Heat of passion" includes an emotional state of mind characterized by anger, rage, hatred, furious resentment, or terror. *State v. McDermott,* 202 Kan. 399, 402, 449 P.2d 545, cert. den., 396 U.S. 912, 24 L.Ed.2d 187, 90 S.Ct. 226. It must be of such a degree as would cause an ordinary man to act on impulse without reflection. *State v. Jones,* 185 Kan. 235, 341 P.2d 1042. The emotional state must have arisen from circumstances constituting sufficient provocation. *State v. McDermott,* supra. Whether the

provocation was sufficient to cause an ordinary man to lose control of his actions and his reason is a question for determination by the trier of fact.

We agree with the rationale expressed by the Supreme Court of Wisconsin when, discussing the sufficiency of provocation, that court said:

". . . The test is objective, not subjective. The inquiry is not as to whether this defendant was angry at someone or about something at the time he shot and killed the deceased. *The question to be asked is whether there existed such provocation as would have caused the state of mind claimed in an ordinary person under the same circumstances.* . . ." *Ameen v. State,* 51 Wis. 2d 175, 183, 186 N.W.2d 206. (Emphasis supplied.)

Ritchey had been living in the same motel room with Tapscott for several days. He knew that Tapscott was a homosexual. Tapscott's advances, while both vocal and physical, were not described as violent, powerful or threatening. There was no indication that the advances were sudden or unexpected, or that Ritchey had any prior mental aberration or had any prior history or experience which caused, contributed, or was germane to Ritchey's reaction or to his actions. The trial court was not shown, nor has this court been made aware, that Ritchey is other than an "ordinary man."

The issues of provocation and heat of passion, as presented here, were not ones which depended upon expert testimony, but ones which the jury could properly decide from the facts before it.

Under the circumstances we conclude that the trial court did not err in denying the request.

At trial, the defendant did not object to the instruction which he here seeks to challenge. Under our contemporaneous objection rule, now codified in the last paragraph of K.S.A. 22-3414 (3), the instruction may not be assigned as error unless it is clearly erroneous. That a jury may infer malice from the fact that a deadly weapon was used has abundant support in our cases. *State v. King,* 221 Kan. 69, 74, 557 P.2d 1262; *State v. Wright,* 219 Kan. 808, 814, 549 P.2d 958. The instruction was not clearly erroneous, and when considered in the light of all of the instructions given, it was entirely proper.

We find no error, and affirm the judgment.